Robert B. **SAINBERG** et al., Plaintiffs,

v.

Rogers C. B. **MORTON**, Secretary of the Interior, Defendant.

No. CIV 72–217–PCT.

United States District Court,
D. Arizona.

Sept. 10, 1973.

Favour & Quail, P.A., Prescott, Ariz., for plaintiffs.

William C. Smitherman, U. S. Atty., Dist. of Ariz., Tucson, Ariz. by Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

FREY, District Judge.

On May 3, 1972, the plaintiffs filed an action seeking to set aside a decision of the Secretary of Interior, acting through the Board of Land Appeals, which affirmed a decision of the Bureau of Land Management and the Arizona Land Office declaring plaintiff Sainberg's mining claim null and void for failure to file a timely answer to the government's contest complaint. Plaintiffs also seek to have the contest complaint summarily dismissed.

The jurisdiction of this Court is invoked under the provisions of the Administrative Procedure Act, 5 U.S.C. Sections 701–706, to review the decision of the Secretary and under 28 U.S.C. Section 1361 to compel summary dismissal of the contest complaint for failure to name each interested party.

The defendant has filed a Motion for Summary Judgment; the stated reasons are that the plaintiffs have not shown that they are entitled to the relief as requested, that there is no genuine issue of fact and that defendant is entitled to judgment as a matter of law. Defendant's motion is based upon the complaint, a memorandum of authorities, and the administrative record.

Plaintiffs have served and filed a Motion for Judgment on the Pleadings and response to defendant's motion. Plaintiffs' motion is based upon their complaint, their memorandum of authorities and the administrative record.

Both sides have filed various answering memoranda which raise the questions of whether all interested parties were served with the contest complaint and whether the Secretary applied his regulation properly.

The pertinent facts as set forth in the complaint and disclosed by the exhibits are relatively simple:

On April 22, 1963, plaintiff Sainberg filed an application for a mineral patent. An adverse claim was filed on October 27, 1964, by Rose Mary Druse, as Guardian of the Estate of Frank Patrick Vallely, an incompetent. The Superior Court of the State of Arizona in and for the County of Yavapai adjudicated title to the Silver Dollar No. 1 to be vested in plaintiff Sainberg by its Judgment and Decree of July 16, 1968. On October 13, 1969, a Mining Claim Contest Complaint instituted by the government was served on attorneys for the mining claimant and his attorney-in-fact. The thirty-day period for filing an answer to the complaint expired on November 12, 1969. An answer to the complaint was filed on behalf of the plaintiff Sainberg in the Arizona Land Office on November 13, 1969. The answer was thus, one day late.

Pursuant to Regulation 43 CFR, Section 1852.1–7(a), the Land Office Manager (Collins) on November 19, 1969, issued a decision wherein the untimely answer was rejected, the charges in the complaint, to the effect that the mining claim was invalid, were taken as admitted and the mining claim was declared null and void.

The plaintiffs herein appealed Collins' ruling to the Director of the Bureau of Land Management. The Director, through Frances A. Patton, Chief Branch of Mineral Appeals, Office of Appeals and Hearings, affirmed Collins' decision.

The plaintiffs herein further appealed the decision of Frances A. Patton to the Secretary of Interior. A decision by Anne Lewis with the concurrence of two members of the Board of Land Appeals exercising delegated authority from the Secretary of Interior, affirmed the decision with modification.

■ In reviewing a decision of the Secretary of Interior, it is the function of this Court to see that the Secretary, in arriving at his ruling, applied the proper legal standards and interpreted applicable rules and regulations correctly. Adams v. United States, 318 F.2d 861 (9th Cir. 1963); Converse v. Udall, 399 F.2d 616 (9th Cir. 1968). It is also the duty of this Court to determine whether upon review of the entire record, there is substantial evidence to support the Secretary's decision. Denison v. Udall, 248 F.Supp. 942 (D.C.Ariz. 1965); Henrikson v. Udall, 350 F.2d 949 (9th Cir. 1965).

■ Plaintiffs contend that the real parties interested in the mining claim were not served with the contest complaint and that therefore the complaint should be summarily dismissed. This contention is one which plaintiffs, by their attorneys, have laboriously strained to fabricate in order to seek the relief requested. It appears that plaintiffs attempt to confuse the Court with the fact that two powers of attorney were executed on June 11, 1968, and thereby attempt to impute knowledge of *both* to the Bureau of Land Management. It appears that two powers of attorney were indeed executed on said date, and both appointed *Rose Mary Druse* as attorney-in-fact for *Robert Sainberg*. The *first* empowered her *to prosecute the application* of the mineral patent. The *second power coupled with an interest* appointed her as *attorney-in-fact* empowering her "*to convey* to Frank Patrick Vallely and his heirs any or all of my right, title, claim or interest

in and to the Silver Dollar No. 1 Lode Mining Claim".

The first power of attorney was furnished the Bureau of Land Management by letter of July 19, 1968. The letter, which is in the administrative record, makes absolutely no mention of the second power of attorney coupled with an interest. The letter was mailed by Mr. Keith Quail, plaintiffs' attorney, for the sole purpose of informing the Bureau that a Judgment and Decree as to the adverse claim filed by Rose Mary Druse had been entered, that Robert Sainberg had revoked George M. Ireland's power of attorney, and that a new power of attorney appointing Rose Mary Druse as attorney-in-fact *for the purpose of prosecuting the patent application* had been executed. On July 30, 1968, the Land Office acknowledged receipt of "the certified copy of the Judgment and Decree . . ., the revocation of the power of attorney to George M. Ireland . . . and the appointment of Rose Mary Druse as attorney-in-fact for Robert Sainberg". Again, no mention was made of the power of attorney coupled with an interest empowering Rose Mary Druse to convey.

Mr. Quail executed an affidavit stating that the "attached" power of attorney coupled with an interest empowering Rose Mary Druse to convey the land was enclosed with the letter of July 19, 1968. The record indicates otherwise; Mr. Quail apparently is mistaken. Neither Mr. Quail's letter of July 19, 1968, nor the record support this statement. There is a note in the administrative record, dated December 23, 1969, which states that "a copy of this power of attorney was not received in the Land Office July 22, 1968, when the Judgment and Decree No. 23785 and other papers were filed".

Rose Mary Druse was the person empowered to process the patent. Therefore, she alone appears to have had the only real interest in the mining claim at the time the contest complaint was filed. She alone had full control of the proceedings at all times pertinent. Since she was personally served with the contest complaint, Mrs. Druse had actual notice that the government was contesting the mining claim.

Upon receiving actual notice of the contest proceeding, Rose Mary Druse had the *right* and apparently a *duty* to protect the alleged interests of the heirs of Frank Patrick Vallely. She alone had a duty to raise the issue of their interests in an anwer to the complaint; but when the answer was filed by her attorneys, *no mention was made of any interested heirs*. Mrs. Druse's own attorneys, filed an answer alleging that Robert Sainberg alone claimed an interest in the land. This Court can only assume that Sainberg's answer to the contest complaint was done with the knowledge and consent of his attorney-in-fact, Rose Mary Druse. These proceedings at all times were handled through the attorneys for Mrs. Druse.

In this regard, it is interesting to note that it can hardly be assumed that there is a conflict of interest between Robert Sainberg and Rose Mary Druse, because the same attorneys, Favour and Quail, appear to have represented both parties throughout these proceedings.

▬ The Office Manager correctly rejected Robert Sainberg's late answer to the contest complaint. The language of the regulation which requires the Land Officer to dismiss an untimely answer to a contest complaint is clearly mandatory. Regulation 43 CFR, Section 1852.1–7(a) states that:

"If an answer is not filed as required, the allegations of the complaint will be taken as admitted by the contestee and the Manager will decide the case without a hearing."

The Secretary has consistently construed this regulation as mandatory. Such construction is controlling unless it is plainly erroneous or inconsistent with the regulation. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Bowles v. Seminole Rock Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); Mechanical Farm

Equipment Distributors v. Porter, 156 F.2d 296, 297 (9th Cir. 1946). In addition, the general rule is that effect should be given to the natural and plain meaning of words in a rule of regulation. 2 Am.Jur.2d Admin.Law, Section 307 at page 139 (1962).

The Secretary's rules are reasonable in giving a period of thirty days in which to file an answer. In order to carry out an orderly system of justice the Secretary has not established a grace period or retained discretion in the application of the regulation. Plaintiffs ask this Court to require the Secretary to waive his own mandatory regulation because the answer was filed one day late as a "result of mistake, inadvertence and excusable neglect". Nowhere in the regulations is the authority given the Secretary to waive his regulations because of excusable neglect or mistake. The defendant is required to abide by his own regulations, so are plaintiffs. If the time requirement was waived this would disturb the Secretary's long-standing procedure of administering the mining laws and other land laws fairly. The regulations would be a farce if they could be applied only if and when the parties felt like complying therewith.

This Court concludes from the record that prior to the contest, the Bureau of Land Management never received notice of a power of attorney coupled with an interest empowering Rose Mary Druse to convey interest in the subject land. At the time the contest complaint was filed, Rose Mary Druse was the only interested party in the mining claim. Any issue as to the interest of the heirs should have been raised at the time the answer was filed and Mrs. Druse was in the position and had the authority to do so. When the answer was eventually filed, Robert Sainberg, with the apparent consent of Rose Mary Druse, claimed to be the sole owner of the mining claim. Plaintiffs appear to be attempting to benefit from their own questionable conduct in participating in the filing of an answer which they now claim was false. Their position is inconsistent to say the least.

Further, this Court concludes the Secretary applied his regulations correctly. The Land Officer had the duty to dismiss the answer pursuant to the Secretary's regulations.

Further, the findings of the Bureau of Land Management and the Board of Land Appeals are proper. There is substantial evidence in the administrative record as a whole to support the decisions.

It is ordered the defendant's Motion for Summary Judgment, is granted, and plaintiffs' Motion for Judgment on the Pleadings, is denied. Defendant is entitled to have judgment entered in his favor dismissing the action.

It is further ordered that the Clerk of this Court forthwith mail a copy of this Order to all counsel of record.