Sarah **PENCE** et al., Plaintiffs,

v.

Cecil D. **ANDRUS** et al., Defendants.

No. A74–138 Civil.

United States District Court,
D. Alaska.

April 8, 1977.

Alaska Legal Services Corp., Donald Juneau, Michael J. Frank, James D. Grandjean, Anchorage, Alaska, for plaintiffs.

G. Kent Edwards, U. S. Atty., John D. Roberts, Asst. U. S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This cause comes before the court on plaintiffs' motion for supplemental relief,[1] and defendants' renewed motion to dismiss.[2] These motions raise two issues. The first is whether plaintiffs' class consisting of Alaska Natives seeking land allotments under the Alaska Native Allotment Act, 43 U.S.C. §§ 270–1—270–3 will be denied due process by the operation of certain regulations adopted for the processing of their applications. The second general issue is whether a claim for relief asserting that the Secretary has failed to follow his own regulation is properly considered by this court and whether it is a "class issue."

On the first issue the court is specifically concerned with the operation of 43 CFR 4.450–6 and 4.450–7. Those regulations provide that when a complaint is served on a contestee he must file an answer within 30 days or the allegations of the complaint are taken as admitted. This time limit is deemed jurisdictional and except for one narrow exception, 43 CFR 4.422(a), it cannot be extended. *See Sainberg v. Morton,* 363 F.Supp. 1259 (D.Ariz.1973). As noted by this court in its memorandum of December 20, 1976 (D.Alaska 1976), the answer required by this regulation appears to be a hybrid between an answer in a normal civil cause and a notice of appeal. The 30 day "death knell" regulation, however, does not have a provision for excusing failure to comply as does an answer in a civil cause, Fed.R.Civ.Pro. 55(c), or a notice of appeal Fed.R.App.Pro. 4(a). Plaintiffs attack this rigid aspect of the regulation. Upon a specific request by the court the parties addressed the issues of the standing of the plaintiff to bring this claim and the ripeness of such a claim for judicial review. As the court concludes that the named plaintiffs lack standing to attack this regulation the merits of the issue are not considered.

At the present time the "death knell" regulation has not been applied to any person in plaintiffs' class. It is true that each member of the class may have to answer a contest complaint under this regulation. What is not certain, however, are the facts and circumstances which may surround the denial of a complaint due to the operation of the "death knell" regulation. It is probable that some members of the class will suffer loss due to the regulation and a claim that the regulation results in a denial of due process if far from frivolous.[3] It is far from certain, however, that these representative plaintiffs will be harmed by the regulation.

---

1. By this court's order of December 20, 1976, this motion was deemed a motion for preliminary injunction.

2. By this court's order of December 20, 1976, this motion was deemed a motion for summary judgment.

3. The constitutional issue apparently was not presented in *Sainberg v. Morton,* 363 F.Supp. 1259 (D.Ariz.1973).

The Supreme Court has recently held that a class representative must himself show injury before he has the ability to assert a claim for the class. *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). In the present case the representative plaintiffs have not shown even the probability of injury and they, therefore, lack standing to challenge this regulation.

The requirement of standing in this case serves a useful purpose. The court is requested in this case to review a regulation and presumably to suggest an alternative without a specific factual situation upon which to base a decision. *Cf. Askew v. Hargrave,* 401 U.S. 476, 479, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971). The Supreme Court has noted that standing and ripeness are closely related doctrines. *Warth v. Seldin,* 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Both serve to focus the controversy based on a specific allegation of injury. That injury is lacking in these plaintiffs and a decision at this point would be hypothetical. Accordingly, the court will not consider the challenge to the "death knell" regulation at this time and summary judgment on the challenge to these regulations is proper. As the supplemental relief requested by plaintiffs relates solely to the issues upon which summary judgment has been granted to defendant the request for such relief must be denied.

The remaining issue is the request by the Secretary to dismiss the claim of his failure to follow his own regulations or to decertify the class on that issue. It is first maintained that these issues are not ripe as there has been a failure to exhaust administrative remedies. A similar contention was raised and rejected by this court and the court of appeals in prior decisions in this case. *See Pence v. Kleppe,* 529 F.2d 135, 143 (9th Cir. 1976).

It is next maintained that the class should be decertified on this issue. This request apparently was made in response to the suggestion by the court in a previous memorandum. While the procedure suggested by defendant is proper, *Samuel v. University of Pittsburg,* 375 F.Supp. 1119 (W.D.Pa.1974), the showing has been insufficient. The court has been presented with a bare request for decertification without one fact upon which to base a decision that individual actions would be more appropriate. The request, therefore, must be denied at this time without prejudice.

As a final matter concerning the alleged impropriety of the Secretary in failing to follow his own regulations it appears to the court that this issue may have been mooted by the enactment of the new regulations. If this is so summary judgment may be proper on that claim for relief.

It appears that the question of the constitutionality of the regulations for a hearing, and the standing issue addressed herein, involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from the present order on those issues and an appeal from the order of December 20, 1976, may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).