**Eric E. WIELER and Paul R. Wieler, Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. A95–0421–CV (HRH).**

United States District Court, D. Alaska.

Jan. 20, 2005.

John Charles Ohman, New York, NY, for plaintiff.

## ORDER

HOLLAND, District Judge.

### Motions for Summary Judgment

Defendant United States moves the court to dismiss plaintiffs' action seeking review of the Interior Board of Land Appeals' ("IBLA") decision in *Eric E. Wieler, et al.,* 160 IBLA 284 (Jan. 20, 2004).[1] Plaintiffs Eric and Paul Wieler oppose the motion and cross-move for an order of summary judgment reversing the decision of the IBLA and remanding the proceeding to the Bureau of Land Management ("BLM").[2] Oral argument was not requested and is not deemed necessary.

### Procedural Background

On June 21, 2001, BLM issued a contest complaint regarding Silver King unpatented lode mining claims nos. 16, 17, and 18. The complaint alleged in pertinent part:

> There are not presently disclosed within the boundaries of the Silver King # 16, Silver King # 17, and Silver King # 18 lode mining claims minerals of a

---

1. Clerk's Docket No. 332.

2. Clerk's Docket Nos. 347, 348.

variety subject to the mining laws sufficient in quantity and quality to constitute a valid discovery and none were disclosed on March 15, 1972, when Public Land Order No. 5179 withdrew the lands from location and entry under the mining laws.[3]

The complaint, which was properly served on plaintiffs on June 23, 2001, stated that the allegations of the complaint would be taken as admitted and the case decided without a hearing if an answer were not filed within thirty days. Plaintiffs did not file an answer within thirty days.

On July 27, 2001, attorney Karen Bretz filed a notice of appearance and motion for enlargement of time to file an answer on behalf of plaintiffs. By decision dated August 6, 2001, BLM denied plaintiffs' motion for enlargement of time on the grounds that the motion was filed after the thirty-day time period set forth in 43 C.F.R. § 4.450–6 for filing an answer had expired. The decision stated that pursuant to 43 C.F.R. § 4.22(f)(2), BLM has no authority to grant an extension of time where the motion for enlargement is filed after the expiration of the allowable time for filing the answer.

The BLM decision further states:

Because the contestees failed to file an answer to the complaint within the 30–day time allowed by law, the allegations of the complaint are deemed to have been admitted under 43 CFR § 4.450–7. This includes the allegation that there are not presently disclosed within the boundaries of the subject claims minerals of a variety sufficient in

quantity and quality to constitute a valid discovery, and none were disclosed on March 15, 1972 when Public Land Order No. 5179 withdrew the lands from location and entry under the mining laws. Because of the admitted absence of a valid discovery presently and on the March 15, 1972 withdrawal date, the subject mining claims are hereby declared NULL and VOID.[4]

Plaintiffs appealed the BLM decision to the IBLA. In the notice of appeal, plaintiffs' counsel averred that the failure to respond within thirty days was due to simple mistake, inadvertence and excusable neglect on her part.[5] By decision dated January 20, 2004, the IBLA affirmed BLM's decision, stating in part:

Both the contest complaint and the applicable regulation, 43 CFR [§ ] 4.450–7(a), expressly advised claimants that the allegations of the complaint would be taken as admitted and the case would be decided without a hearing if an answer were not filed within 30 days as required. Appellants clearly failed to timely file an answer to the contest complaint, thus, the allegations made therein must be taken as admitted ... Accordingly, BLM properly declared the claims null and void.[6]

On June 22, 2004, plaintiffs filed their third amended complaint,[7] asserting two claims: a claim against the United States for the alleged taking of Silver King unpatented lode mining claims nos. 16, 17, and 18, and a claim for judicial review of the IBLA decision of January 20, 2004, which

---

**3.** Complaint (Contest of Mining Claims) at 39, filed as Exhibit 1 to Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment, Clerk's Docket No. 350.

**4.** BLM Decision (August 6, 2001) at 2, filed as Exhibit 1 to Answer of the United States to Revised Complaint in Intervention, Clerk's Docket No. 340.

**5.** Plaintiffs' counsel withdrew from these proceedings shortly after filing a notice of appeal.

**6.** IBLA Decision (January 20, 2004) at 3, filed as Exhibit 2 to Answer of the United States to Revised Complaint in Intervention, Clerk's Docket No. 340.

**7.** Clerk's Docket No. 318.

affirmed BLM's determination that plaintiffs' Silver King mining claims nos. 16, 17, and 18 are null and void.

On August 12, 2004, defendant United States filed its opening brief requesting the court to dismiss plaintiffs' claim for review of the IBLA's decision in *Eric E. Wieler, et al.,* 160 IBLA 284 (Jan. 20, 2004).[8] Defendant acknowledged that plaintiffs' complaint also alleges a taking claim, but argued that if the mining claims are null and void then plaintiffs' taking claim must also fail. On October 21, 2004, plaintiffs filed their motion "for summary judgment on the issue of whether the Interior Board of Land Appeals' decision was in error."[9] Plaintiffs' motion does not address their taking claim.

### Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Summary judgment is appropriate only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact with respect to the claims. *Taybron v. City and County of San Francisco,* 341 F.3d 957, 960 (9th Cir.2003). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington, Law School,* 233 F.3d 1188, 1193 (9th Cir.2000). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

### Applicable Regulations

Relevant portions of the applicable regulations are set forth below:

**43 C.F.R. § 4.450–6 Answer to complaint.**

Within 30 days after service of the complaint or after the last publication of the notice, the contestee must file in the office where the contest is pending an answer specifically meeting and responding to the allegations of the complaint, together with proof of service of a copy of the answer upon a contestant as provided in § 4.450–5(b)(3) . . .

**43 C.F.R. § 4.450–7 Action by manager.**

(a) If an answer is not filed as required, the allegations of the complaint will be taken as admitted by the contestee and the manager will decide the case without a hearing.

---

8. Clerk's Docket No. 332.

9. Plaintiffs' Motion for Summary Judgment at 1, Clerk's Docket No. 347.

(b) If an answer is filed and unless all parties waive a hearing, the manager will refer the case to an administrative law judge upon determining that the elements of a private contest appear to have been established.

**43 C.F.R. § 4.22(f) Extensions of time.**

(1) The time for filing or serving any document may be extended by the Appeals Board or other officer before whom the proceeding is pending, except for the time for filing a notice of appeal and except where such extension is contrary to law or regulation.

(2) A request for an extension of time must be filed within the time allowed for the filing or serving of the document and must be filed in the same office in which the document in connection with which the extension is requested must be filed.

### Discussion

 The Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706, governs judicial review of final agency actions. *Id.* at § 702. In reviewing decisions of the IBLA, the district court exercises a limited standard of review, reversing the IBLA's decision "only if that decision is arbitrary, capricious, not supported by substantial evidence, or contrary to law." *Hjelvik v. Babbitt,* 198 F.3d 1072, 1074 (9th Cir.1999). To determine whether the IBLA's decision is supported by substantial evidence, "the court reviews the entire record to determine whether it contains 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' and whether it demonstrates that the 'decision was based on a consideration of the relevant factors.'" *Id.* (citations omitted).

The court may not substitute its judgment for that of the agency. *Natural Resources Defense Council, Inc. v. Hodel,* 819 F.2d 927, 929 (9th Cir.1987).

In this matter, the following facts are undisputed: the contest complaint was properly served on plaintiffs and plainly stated that plaintiffs were required to file an answer within thirty days or all allegations in the complaint would be deemed as true and the case would be decided without a hearing; plaintiffs failed to file an answer within thirty days pursuant to 43 C.F.R. § 4.450–6; plaintiffs failed to file a request for enlargement of time to answer before the thirty-day period expired as required by 43 C.F.R. § 4.22(f)(2); and, the BLM deemed the allegations of the contest complaint to have been admitted under 43 C.F.R. § 4.450–7(a) and declared the mining claims at issue null and void.

In addition to accepting defendant's statement of facts regarding the agency proceedings in this matter, plaintiffs also agree that "the standard of review is whether the agency's decision was arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with law."[10] The parties disagree, however, about how to frame the issue before this court. Defendant alleges that "the real issue in this case is the agency's application of its own regulations."[11] Plaintiffs argue that "the real issue involves whether the contest regulations, specifically 43 CFR [§§ ] 4.450–6 and 4.450–7, effect an unconstitutional deprivation of the Wielers' due process rights."[12] The court considers each of the parties arguments below.

---

10. Plaintiffs' Opening Brief and Memorandum in Support of Cross–Motion for Summary Judgment at 2, Clerk's Docket No. 348.

11. Brief of the United States at 4, Clerk's Docket No. 332.

12. Plaintiffs' Opening Brief and Memorandum in Support of Cross–Motion for Summary Judgment at 2, Clerk's Docket No. 348.

**1062**

*Whether the IBLA erred in applying and interpreting applicable regulations.*

■ The issue before the IBLA was the application and interpretation of the Department of Interior's regulations by the BLM. "When a plaintiff challenges a final agency action, judicial review normally is limited to the administrative record in existence at the time of the agency's decision." *Friends of the Clearwater v. Dombeck,* 222 F.3d 552, 560 (9th Cir.2000). In such cases, "the agency must justify its final action by reference to the reasons it considered at the time it acted." *Id.*

Here, the IBLA ruled that "BLM properly declared the claims null and void" on the grounds that:

[1] Departmental regulation 43 CFR [§ ] 4.450–6 specifically requires that answers to contest complaints must be filed within 30 days of receipt of the complaint. This Board has held on numerous occasions that this regulation is mandatory in nature and jurisdictional in character, and therefore a failure to timely file may not be waived. *E.g., Robert W. Gossum,* 158 IBLA 1, 2 (2002); *United States v. Grooms,* 146 IBLA 289, 292 (1998); *Robert D. McGoldrick,* 115 IBLA 242, 245 (1990); *United States v. Soren,* 47 IBLA 226, 227 (1980); *United States v. McCormick,* 5 IBLA 382, 79 I.D. 155 (1972); *United States v. Sainberg,* 5 IBLA 270, 272–274 (1972), *aff'd, Sainberg v. Morton,* 363 F.Supp. 1259, 1263 (D.Ariz.1973) (may not be excused, even where the answer is filed 1 day late). Accordingly, both the Board and the BLM are without authority to waive the rules and permit the late filing. *United States v. Grooms, supra.*

Both the contest complaint and the applicable regulation, 43 CFR [§ ] 4.450–7(a), expressly advised claimants that the allegations of the complaint would be taken as admitted and the case would be decided without a hearing if an answer were not filed within 30 days as required. Appellants clearly failed to timely file an answer to the contest complaint, thus, the allegations made therein must be taken as admitted . . . [13]

■ It is well established that an agency is bound to follow its own published regulations. *Alcaraz v. I.N.S.,* 384 F.3d 1150, 1162 (9th Cir.2004) (citing *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954)). Accordingly, the IBLA and BLM were bound to follow 43 C.F.R. §§ 4.450–6 and 4.450–7(a).

■ In applying the regulations, the IBLA construed the thirty-day time limit in 43 C.F.R. § 4.450–6 for filing an answer to a contest complaint as mandatory. The IBLA also construed § 4.450–7(a) as mandatory and therefore took as admitted the truth of the allegations in the contest complaint. "[A]n agency's interpretation of its regulations is controlling if not 'plainly erroneous or inconsistent with the regulation[s].'" *Norfolk Energy, Inc. v. Hodel,* 898 F.2d 1435, 1439 (9th Cir.1990) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).

■ In its decision, the IBLA cited numerous cases holding that 43 C.F.R. §§ 4.450–6 and 4.450–7(a) are mandatory. In addition to the cases cited in the IBLA decision, defendant cited a plethora of cases in which the IBLA has consistently construed the applicable regulations as mandatory. Because the IBLA's construction is not plainly erroneous or inconsistent with the regulation it is deemed con-

**13.** IBLA Decision (January 20, 2004) at 3, filed as Exhibit 2 to Answer of the United States to Revised Complaint in Intervention, Clerk's Docket No. 340.

trolling. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

In addition, "[a] regulation should be construed to give effect to the natural and plain meaning of its words." *Bayview Hunters Point Community Advocates v. Metropolitan Transp. Com'n*, 366 F.3d 692, 698 (9th Cir.2004) (citation and quotation marks omitted). The plain language of 43 C.F.R. § 4.450–6 states that the contestee **must** file an answer within thirty days of service of the complaint or after the last publication of the notice. In addition, 43 C.F.R. § 4.450–7(a) plainly states that "[i]f an answer is not filed as required, the allegations of the complaint **will** be taken as admitted and the manager **will** decide the case without a hearing (emphasis supplied)." Likewise, 43 C.F.R. § 4.22(f)(2) clearly states that a request for an extension of time to file an answer **must** be filed within the time allowed for filing an answer. Thus, the plain language of these regulations support the IBLA's construction of the regulations as mandatory.

Plaintiffs do not contest that the BLM and IBLA have consistently construed and applied the applicable regulations as mandatory. Plaintiffs also do not contest that they failed to comply with the applicable regulations.

Based on the court's review of the record, the court concludes that the BLM interpreted and applied its regulations correctly, and finds that there is substantial evidence in the administrative record to support the IBLA's decision.

*Whether the applicable regulations effected a denial of due process.*

Plaintiffs argue that the IBLA's application of 43 C.F.R. §§ 4.450–6 and 4.450–7(a), effected an unconstitutional depriva-

tion of their due process rights. Plaintiffs also suggest that "[i]t does not appear that this Court or the Ninth Circuit Court of Appeals have had the opportunity to examine whether 43 CFR [§§ ] 4.450–6 and 4.450–7 meet constitutional muster." [14] As such, it appears that plaintiffs are challenging the constitutionality of the above regulations both on their face and as applied.

Defendant argues that because plaintiffs do not challenge the regulations at issue in their third amended complaint, but rather the application of those regulations, the "Court's review herein is limited to whether plaintiffs' due process rights were violated in the application of the regulations, and not to the validity of the regulations." [15] Citing *Sierra Club v. Penfold*, 857 F.2d 1307 (9th Cir.1988), defendants further argue that claims for the review of an agency's application of regulations are distinct from claims challenging the validity of the regulations themselves. *Id.* at 1315. In *Penfold*, the Ninth Circuit held that a claim premised on a theory of unlawful application of a rule by BLM does not encompass a claim based on a theory of invalidity of regulations as adopted. *Id.*

"As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal." *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir.1985). "[H]owever, the foregoing principle also has its exceptions." *Id.* at 1460–1461. For example, the court "may decide an issue not raised in an agency action if the agency lacked either the power or the jurisdiction to decide it." *Id.* at 1461. "This situation is typified ... by challenges to the constitutionality of a regulation promulgated by

---

**14.** Plaintiffs' Opening Brief and Memorandum in Support of Cross–Motion for Summary Judgment at 3, Clerk's Docket No. 348.

**15.** Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment at 5 n. 3, Clerk's Docket No. 350.

the agency." *Id.* (concluding that the court must address the merits of proper constitutional arguments even though they were not raised in the administrative proceeding).

However, even assuming plaintiff has raised proper constitutional arguments, it is not clear to the court whether plaintiffs' constitutional challenges are timely. The general civil action statute of limitations, 28 U.S.C. § 2401(a), applies to actions brought under the APA. *Shiny Rock Min. Corp. v. U.S.,* 906 F.2d 1362, 1364 (9th Cir.1990) (citing *Penfold,* 857 F.2d at 1315 (concluding that 28 U.S.C. § 2401(a) applies to actions brought under the APA which challenge a regulation on the basis of procedural irregularity)). Section 2401(a) provides that "[e]xcept as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). In *Penfold,* the Ninth Circuit declined to adopt a rule under which claimants " 'could challenge regulations ... when administered by the federal agency, rather than when adopted.' " *Shiny Rock,* 906 F.2d at 1365 (quoting *Penfold,* 857 F.2d at 1316). Here, the regulations challenged by plaintiffs were promulgated in 36 Fed.Reg. 7186 (April 15, 1976).[16]

Plaintiffs' complaint does not challenge the adoption of the regulations which underlie the IBLA decision in question. A proposal to allow a further amendment to permit a facial challenge of the regulations would be futile here, for the court concludes that any such claim would be time barred.

Assuming for the purpose of this analysis that plaintiffs have or could adequately state an "as applied" constitutional challenge, plaintiffs' constitutional arguments are unavailing because BLM gave plaintiffs adequate notice and an opportunity for a hearing before ruling that the mining claims at issue were null and void.

"Balancing the three *Mathews* factors," [17] plaintiffs request the court to find that C.F.R. §§ 4.450–6 and 4.450–7(a) deprived plaintiffs of their due process rights.[18] In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court set forth the method for determining what process is due before a person can be deprived of a protected interest. *Id.* at 323, 96 S.Ct. 893. Under *Mathews v. Eldridge,* three factors must be weighed:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail."

*Mathews,* 424 U.S. at 335, 96 S.Ct. 893. "The *Mathews v. Eldridge* factors have become the standard for determining whether certain challenged administrative procedures comply with the requirements

---

**16.** Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment at 3, Clerk's Docket No. 350.

**17.** Plaintiffs' Final Brief and Reply to Opposition to Motion for Summary Judgment at 5, Clerk's Docket No. 355.

**18.** As a preliminary matter, the court notes that because plaintiffs' argument that the applicable regulations deprived them of their due process rights is raised for the first time on appeal, "there is no information from the agency proceedings concerning this claim." *Greenwood v. F.A.A.,* 28 F.3d 971, 977 (9th Cir.1994).

of due process." *Girard v. Klopfenstein,* 930 F.2d 738, 742 (9th Cir.1991).

A threshold issue concerns whether plaintiffs' interest in Silver King mining claims nos. 16, 17, and 18 constitutes a property interest protected by the fifth amendment. *Reid,* 765 F.2d at 1463. Defendant does not dispute that "unpatented mining claims are a property interest, and that principles of due process are applicable to a deprivation of that property interest."[19] Because the validity of the mining claims is at issue here, the court will assume, without deciding, that plaintiffs' interest in Silver King mining claims nos. 16, 17, and 18 is a property interest protected by the due process clause.

The court first considers the private interest affected by the government action. *Mathews,* 424 U.S. at 335, 96 S.Ct. 893. Plaintiffs request the court to "find that the significance of [plaintiffs'] property interest is of the highest magnitude"[20] because plaintiffs "depended on the minerals mined from these claims to earn their livelihoods."[21] Plaintiffs further argue that "[t]his expectation was halted by the United States' preventing them from assessing their own claims beginning in 1996 and will be permanently terminated if the IBLA decision is upheld."[22]

As indicated above, the importance of the private interest affected by the regulations is not clear because the validity of the mining claims themselves are in dispute. More specifically, BLM alleges that within the boundaries of the Silver King lode mining claims nos. 16, 17, and 18, there are not presently disclosed "minerals of a variety subject to the mining laws sufficient in quantity and quality to constitute a valid discovery and none were disclosed on March 15, 1972, when Public Land Order No. 5179 withdrew the lands from location and entry under the mining laws."[23] It is possible that plaintiffs have exaggerated the importance of the private interest at stake.

Second, the court considers the risk of an erroneous deprivation of plaintiffs' interest through the procedures used, and the probable value, if any, of additional or substitute safeguards. *Mathews,* 424 U.S. at 335, 96 S.Ct. 893. Plaintiffs argue that the risk of erroneous deprivation is high because "[b]y using a 'death knell' procedure if a contest answer is filed even one day late, there is a high possibility that valid claims will be disposed of summarily without a hearing on the merits."[24] Plaintiffs further argue that defendant should allow a three-day grace period "to remedy any minor lateness.".[25]

The court's review of the record reveals that plaintiffs received actual notice of the contest complaint; plaintiffs were given thirty days to respond to the complaint; plaintiffs were given written notice that if they failed to file an answer within thirty days, all allegations in the complaint would be deemed as true and the matter would

19. Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment at 3, Clerk's Docket No. 350.

20. Plaintiffs' Final Brief and Reply to Opposition to Motion for Summary Judgment at 4, Clerk's Docket No. 355.

21. Plaintiffs' Opening Brief and Memorandum in Support of Cross–Motion for Summary Judgment at 4, Clerk's Docket No. 348.

22. *Id.*

23. Complaint (Contest of Mining Claims) at 39, filed as Exhibit 1 to Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment, Clerk's Docket No. 350.

24. Plaintiffs' Opening Brief and Memorandum in Support of Cross–Motion for Summary Judgment at 4, Clerk's Docket No. 348.

25. *Id.* at 5.

be decided without a hearing; plaintiffs would have received a hearing had they timely filed an answer; and, plaintiffs would have been given an extension had they filed a request for an extension before the end of the thirty-day period. In addition, under 43 C.F.R. § 4.422(a), if plaintiffs had mailed an answer or request for enlargement of time before the end of the thirty-day period, a ten-day grace period would have been applied. Section 4.422(a) applies a ten-day grace period to documents "transmitted or probably transmitted ... before the end of the period in which it was required to be filed." 43 C.F.R. § 4.422(a).

Plaintiffs do not contend that thirty days is an inadequate amount of time to file an answer. Nor have plaintiffs cited any legal authority finding that thirty days is inadequate. Defendants, on the other hand, cited numerous cases where the Ninth Circuit has rejected due process challenges to thirty-day time periods. The court's own research has produced cases where even less time was deemed an adequate opportunity to respond. *See, e.g., State of California Ex Rel. Lockyer v. F.E.R.C.*, 329 F.3d 700, 710 (9th Cir.2003) ("Here, the three *Mathews v. Eldridge* factors indicate that the Commission gave NCPA and the State of California adequate opportunity for a hearing before making its initial decision, even though the State had only about four days to respond to the Commissioner's mailed notice, and NCPA had only seven days and four days to respond to the Commission's two *Federal Register notices*.")

For the reasons stated above, the court does not find that the risk of erroneous deprivation was high. There is already a ten-day grace period built into the regulations. Moreover, the court questions the probable value of the additional three-day grace period proposed by plaintiffs as an additional safeguard. While a three-day grace period may have benefitted plaintiffs, it certainly would not benefit contestees who filed their answers five days late, or six days, and so on.

Third, the court considers "the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirement would entail." *Lockyer*, 329 F.3d at 711. Plaintiffs concede that the government has an interest in ensuring that contest complaints are handled promptly and efficiently, but argue that the government's burden in allowing a three-day grace period is minimal, if existent. While allowing time for a response in this case may have cost the government little in the way of fiscal or administrative burdens, the government also has an interest in applying its regulations consistently. Plaintiffs suggest that in their case the government should apply a three-day grace period. Should the government do so, it is probable that other contestees will argue the government should apply a grace period to fit their particular circumstances. Applying the regulation to fit each contestee's circumstances obviates the purpose in having a deadline to respond.

In addition, plaintiffs are not the only party with an interest at stake here. The government also has an interest in the disputed mining claims, namely the government has title to the physical property upon which the Silver King mining claims nos. 16, 17, and 1 are located and, as such, has interests entitled to protection.[26] *Clouser v. Espy*, 42 F.3d 1522, 1535 (9th Cir.1994).

---

**26.** Motion of United States for Relief from Stay at 4, filed as Exhibit 1 to Reply Brief of the United States and Opposition to Plaintiffs' Motion for Summary Judgment, Clerk's Docket No. 350.

"Procedural due process requires only adequate notice and an opportunity to be heard." *Reid,* 765 F.2d at 1463 (citing *Board of Regents v. Roth,* 408 U.S. 564, 569–70 & n. 7, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). It is undisputed that plaintiffs received adequate notice of the applicable regulations and of their right to a hearing. Plaintiffs were also given an opportunity to be heard. The fact that plaintiffs did not exercise their right to a hearing under the regulations by timely filing an answer is not the fault of the regulations. "The Constitution requires due process of law; it does not require an endless number of opportunities for one to assert his rights." *Silas v. Babbitt,* 96 F.3d 355, 358 (9th Cir.1996).

Having applied the *Mathews v. Eldridge* factors, and balancing both the plaintiffs' and the government's interests, the court concludes that the government gave plaintiffs adequate notice and an opportunity for a hearing before making its decision declaring the mining claims null and void.

Moreover, contrary to plaintiffs allegations, it also appears that the court has considered whether the contested regulations meet constitutional muster at least as applied to native land allotments. In *Pence v. Kleppe,* 529 F.2d 135 (9th Cir. 1976) ("*Pence I*"), the Ninth Circuit ordered the Secretary of the Interior to adopt regulations governing the granting of allotments under the Alaska Native Land Allotment Act which would at least meet the minimum due process requirements outlined in the opinion. *Pence v. Andrus,* 586 F.2d 733, 734 (9th Cir.1978). Rather than promulgate new regulations, the IBLA announced that it would apply the Interior Department's existing contest regulations, published at 43 C.F.R. § 4.451 et seq. (1976) to the adjudication of allotment applications. *Id.* at 736. In *Pence v. Andrus,* ("*Pence II*"), appellants' main contention was that the 30–day answer

requirement in 43 C.F.R. §§ 4.450–6 and 4.450–7(a) would prevent many applicants from receiving a fair hearing because their responses would be untimely or inadequate. *Id.* at 742. In *Pence II,* the court ruled that appellants lacked standing to "mount a general due process attack upon the contest complaint procedures adopted by the Secretary of the Interior," but concluded that the procedures, including the 30–day answer requirement, facially complied with the *Pence I* due process requirements. *Id.* at 744.

In *Silas v. Babbitt,* the Ninth Circuit ruled, "While we explicitly limited our holding in *Pence II* to the question whether the Secretary's regulations complied with the mandate of *Pence I,* we now hold that the regulations also satisfy administrative due process in such 'entitlement' cases." *Silas,* 96 F.3d at 357 (internal citation omitted). The court's ruling is in keeping with the rule that "absent constitutional constraints or extremely compelling circumstances, [the court] defer[s] to an administrative agency's fashioning of procedures." *Adkins v. Trans–Alaska Pipeline Liability Fund,* 101 F.3d 86, 89 (9th Cir.1996) (citing *Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519 543–544, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978)).

*Conclusion*

Because the IBLA's decision of January 20, 2004, is supported by substantial evidence and is not arbitrary or capricious, nor contrary to law, the court affirms the IBLA's decision. Defendant's motion to dismiss plaintiffs' claims is granted and plaintiffs' motion for summary judgment is denied. Because it is now finally determined that Silver King claims nos. 16, 17, and 18 are null and void, plaintiffs' claim herein against the United States for the taking of said claims necessarily fails also.

1068

The clerk of the court shall enter judgment in defendant's favor dismissing plaintiffs' third amended complaint in its entirety.