Valerie TAYBRON; Trinna Lynnelle Davis, Plaintiffs–Appellants,

v.

CITY AND COUNTY OF SAN FRANCISCO, Defendant–Appellee.

No. 02–15850.

United States Court of Appeals, Ninth Circuit.

Argued April 1, 2003.

Submitted Aug. 28, 2003.

Filed Aug. 28, 2003.

---

958

Michael S. Sorgen, Law Offices of Michael S. Sorgen, San Francisco, California, for the plaintiffs-appellants.

Jonathan C. Rolnick, City Attorney's Office City & County of San Francisco, San Francisco, California, for the defendant-appellee.

Before: B. FLETCHER, KOZINSKI and TROTT, Circuit Judges.

## OPINION

BETTY B. FLETCHER, Circuit Judge:

Valerie Taybron and Trinna Davis ("Appellants") assert that their employer, the City and County of San Francisco ("Appellee"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* They complain that Appellee (1) subjected them to a hostile workplace rife with sexual harassment and failed to take appropriate remedial steps when they complained, and (2) retaliated against them for complaining. Appellee moved for summary judgment on all claims. The district judge held there was a genuine issue of material fact as to whether a hostile workplace existed, but held that Appellee had taken timely remedial measures sufficient to remedy their complaints. He held that no material triable facts existed to support the retaliation claim. He dismissed both claims.[1]

Whether genuine issues of material fact exist that preclude summary judgment is our concern. The district judge noted in dismissing Appellants' claims that their trial attorney had done a notably poor job of

---

1. The posture of the case is a bit more complex than this. The district judge also dismissed other related claims based on constitutional and other statutory grounds, some in the same order granting partial summary judgment and some in a later final one. Both summary judgment orders, including all claims therein, were included in the appeal of the judgment. But only these two claims are discussed in the Appellants' opening brief. Appellants have thus waived the other claims and we need not address them. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998).

compiling and organizing the "Opposition to Appellee's Notice of Motion and Motion for Summary Judgment" ("Opposition"). He noted that the Opposition's factual assertions were often unconnected to the legal standards they were intended to satisfy and the supporting citations to the record were often missing or incorrect. In light of this, the district judge asserted that he "recognizes that [he] is under no obligation to mine the full record for issues of triable fact."

Nonetheless, he proceeded to make findings of fact on all claims and apparently was not deterred by the deficiencies in the Opposition. Where we fault the district court is his weighing of the evidence and making findings rather than focusing on whether genuine issues of material fact are in dispute.[2]

Appellants were among the first women to work as car cleaners for the San Francisco Municipal Railway ("Muni"). At the time this action was brought, each had worked there for a substantial number of years. They allege that they were subjected to a series of sexually harassing incidents over the course of several years. The allegations include extremely obscene conduct and incidents that we need not detail here. The district court held that these charges created a genuine issue of material fact as to the presence of a hostile workplace environment and noted that the city conceded inappropriate conduct had taken place. Appellants also claim that,

following their complaints, Muni management failed to remedy the situation. Only after substantial delays was one co-worker disciplined; another's eventual suspension was later rescinded. Further, Appellants claim that Muni retaliated against their bringing complaints by changing their hours, cutting their pay, and curtailing their supervisory duties.

Appellee moved for summary judgment, asserting that there were no genuine disputes as to the material facts that Muni had taken appropriate remedial action and that the alleged retaliatory acts had been taken only for permissible reasons. Appellants filed an Opposition. The district court held there was no genuine issue of material fact extant on the retaliation claim. It held that Appellee had taken timely remedial actions sufficient to extinguish the hostile work environment claim. It noted that Appellee's responses to the harassment and retaliation claims were extensive and intensely fact-based, describing all of the remedial efforts taken, the legitimate business reason behind each asserted instance of retaliation, and the exonerating results of their Equal Employment Opportunity ("EEO") office's investigations.

Regarding the Opposition, the district court stated that "Plaintiffs respond with a welter of allegations, and, it must be noted, neglect to connect those allegations with the standard for meeting its burden on the relevant law." [3]

---

2. Findings of fact should be eschewed in determining whether summary judgment should be granted. "There is no requirement that the trial judge make findings of fact in ruling on a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, the trial court is to perform a "threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder

of fact because they may reasonably be resolved in favor of either party." *Id.* Such an inquiry is incompatible with the trial court's conducting its own fact-finding. *See Geurin v. Winston Indus.*, 316 F.3d 879, 883 (9th Cir.2002).

3. Among his other errors, Appellants' trial counsel neglected to include certain documents important to the claims in the submission to the district court. Having found that these documents were referred to in Appellants' Opposition and apparently omitted as

We have jurisdiction based on 28 U.S.C. §§ 1331 and 1343(3) to enforce civil rights protected by Title VII, and to review the final judgment under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *See Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). Summary judgment is appropriate only when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there are no genuine issues of material fact with respect to the claims. *Id.*

Facing a motion for summary judgment, an opposing party must present an affidavit in opposition. Fed.R.Civ.P. 56(e). The Opposition must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists. *See id.*

■ The brief of Appellants' current counsel notes where relevant portions of the record, properly cited in the Opposition, support Appellants' claims. Appellants' brief also cites to evidence that was not referred to in the Opposition, which we do not consider. We have ignored the chaff and examined only the grains to determine whether the portions of the record *correctly* referenced in the Opposition raise genuine issues of material fact. The distracting presence of incorrect references to the record does not mean that the content of *properly* cited record evidence has not been "brought to the district court's attention." *See Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001).[4]

■ Even setting aside record evidence cited in the appellate brief but not in the Opposition, we hold that the district judge's determination that there is no genuine issue of material fact with respect to the issue of remediation is error. Appellants' Opposition properly cited evidence that (1) for an extended period of time their female supervisor harassed Taybron and failed to prevent another employee from harassing Davis, despite their numerous oral complaints; (2) Davis was discouraged from complaining about the harassment she faced; (3) Taybron's complaints were not taken seriously; (4) a manager referred to Appellants disparagingly in the context of their complaints; (5) this manager threw his keys at Taybron and verbally abused her for complaining; and (6) Appellee's EEO office failed to interview several of the employees and managers involved in the disputes. Taken in the light most favorable to Appellants, these factual allegations raise genuine issues of material fact.

■ We hold also that the district judge's dismissal of the retaliation claim is error. The Opposition notes that Appellants' shifts were changed so that they could not take breaks or eat lunch together and so that they lost overtime pay. It contains proper references to at least two relevant allegations that the reasons given for this change were pretextual: Appellants testified that the rationales given for the changes in shifts continually varied and misrepresented the facts; and that, even when a new supervisor requested that their hours be shifted back to facilitate the efficient use of Muni's resources, their manager refused to allow it until Appellants' union became involved. Record evidence suggests he wanted to forestall the implication that his original

---

attachments as a clerical error, and that Appellee was not prejudiced by their omission, we previously issued an Order granting Appellants request to expand the appellate record to include them.

4. Minor errors in pinpoint citations that nevertheless point the district judge to the correct general area of a transcript discussion or document should be disregarded.

decision to change their hours had been unjustified. Taken in the light most favorable to Appellants, these allegations supported in the record raise genuine issues of material fact.

Appellants have met their burden under Rule 56(e). We remand for trial on both claims.

**VACATED AND REMANDED FOR TRIAL.**