NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California corporation, | No. 17-56876 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06400-RGK-SS |
| v. | |
| ONE STEP UP, LTD., a New York corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,** District Judge.

Neman Brothers & Associates, Inc. ("Neman") brought an action for

fraudulent inducement, breach of representations and warranties, and copyright

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

infringement against One Step Up Ltd., Harry Adjmi, Morris Tbeile, Ross Stores, Inc., and Factory Connection, LLC (collectively, the "defendants"). Neman appeals the district court's grant of summary judgment in favor of the defendants. We review de novo a district court's grant of summary judgment. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). "Summary judgment is appropriate only when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there are no genuine issues of material fact with respect to the claims." *Taybron v. City & Cty. of San Francisco*, 341 F.3d 957, 960 (9th Cir. 2003).

Neman claims that the defendants made fraudulent statements that induced it to enter into a settlement agreement between the parties. Pursuant to the settlement agreement, Neman is required to demonstrate that the alleged fraudulent statements were material. "A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.'" *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 919 (Cal. 1997) (quoting Restatement (Second) of Torts § 538(2)(a)).

Neman failed to present any arguments or evidence below supporting its argument that the alleged misrepresentations were material. Therefore, the district court did not err in granting summary judgment on its fraudulent inducement

2

claim.  The materiality arguments that Neman makes for the first time on appeal were waived.  *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) ("But the plaintiffs did not raise that argument to the district court in their . . . opposition to the defendants' motion for summary judgment, so the argument was waived.").

The district court also properly granted summary judgment on Neman's claim for breach of representations and warranties because Neman failed to present any evidence of damages.  *See Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 697 (Ct. App. 2010) (resulting damages is a necessary element for a cause of action for breach of contract).  Neman raises new arguments on appeal regarding its damages, but again, we decline to address these arguments because they were waived.  *See Pritzker*, 831 F.3d at 1178 n.7.

Finally, Neman fails to present any evidence supporting its claim that the alleged infringing garments at issue here are not part of the garments that were released by the settlement agreement.  Thus, because there is no genuine dispute that the alleged infringing garments are part of the garments that were released by the settlement agreement, we conclude that the district court properly granted summary judgment on Neman's copyright infringement claims.

**AFFIRMED**.