# United States Court of Appeals for the Federal Circuit

---

**TREEHOUSE AVATAR LLC,**
*Plaintiff-Appellant*

**v.**

**VALVE CORPORATION,**
*Defendant-Appellee*

---

2022-1171

---

Appeal from the United States District Court for the Western District of Washington in Nos. 1:15-cv-00427-JFB-SRF, 2:17-cv-01860-RAJ, Judge Richard A. Jones.

---

Decided:  November 30, 2022

---

LAWRENCE D. GRAHAM, Lowe Graham Jones PLLC, Seattle, WA, argued for plaintiff-appellant.  Also represented by MARK P. WALTERS.

REYNALDO BARCELO, Barcelo, Harrison & Walker, LLP, Newport Beach, CA, argued for defendant-appellee.  Also represented by JOSHUA CHARLES HARRISON; GAVIN W. SKOK, Fox Rothschild LLP, Seattle, WA.

---

Before LOURIE, REYNA, and STOLL, *Circuit Judges*.

REYNA, *Circuit Judge*.

Appellant Treehouse Avatar LLC appeals the grant of a motion to strike portions of an infringement expert report by the U.S. District Court for the Western District of Washington. Appellant also appeals the court's grant of summary judgment of noninfringement. We conclude that the district court did not abuse its discretion in striking expert testimony that did not rely upon the parties' own agreed-upon construction and that the court adopted, nor erred in finding that Treehouse failed to rebut Valve's evidence of noninfringement. We affirm.

BACKGROUND

Asserted Patent

Appellant Treehouse Avatar LLC ("Treehouse") owns U.S. Patent 8,180,858 ("the '858 Patent"), which discloses a method of collecting data from an information network in response to user choices of a plurality of users navigating character-enabled network sites on the network. J.A. 1, 24; '858 Patent col. 1 ll. 19–22.

As shown in Figure 1 below, a user interface interacts with a network browser to access a network such as the Internet, and character-enabled network sites are accessible through a server on the network. Appellant's Br. 3–4. These sites have access to a database that contains character data such as a base character and its clothing options. *Id*. at 4–5. The characters are presented to the user interface of the user's computer through the network browser to access the sites.

TREEHOUSE AVATAR LLC v. VALVE CORPORATION                    3



FIG. 1

The issue before us concerns the meaning of "character-enabled (CE) network sites" ("CE limitation"). That term appears in each of the asserted independent claims 1 and 21. J.A. 25; '858 Patent col. 13 l. 26, col. 15 ll. 36–37. Claim 1 is representative:

1. A method of collecting data from an information network in response to user choices of a plurality of users made while accessing said information network and navigating *character-enabled (CE) network sites* on said information network, said method comprising:

    storing a plurality of character data in a database accessible by said *CE network site*;

    storing a plurality of character-attribute data in said database;

    linking the character attribute data with one or more of the character data;

presenting to a user interface, one or more character data defining one or more characters for selection by the user;

upon selection of a character by the user, presenting in real time to the user interface, the selected character along with at least one of the character-attribute data linked to the selected character for selection by the user;

upon selection of a character attribute by the user, presenting in real time to the user interface, the selected character including the selected character attribute; and

tallying the number of times the selected character attribute has been selected by a plurality of users.

'858 Patent col.13 ll. 23–44 (emphases added).

## Accused Technology

Appellee Valve Corporation ("Valve") owns the two accused video games: Dota 2 and Team Fortress 2 ("TF2"). Appellee's Br. 6. Dota 2 is a multiplayer team-based game where the teams try to destroy the other's base, and TF2 is a team-based first-person shooter game. *Id.* To play either game, a user downloads the software onto the user's own computer. The download contains data, including images, sounds, text, and characters or "heroes." *Id.* at 6–7. A user can select from heroes with varying combat abilities and customize their hero's appearance by purchasing clothes or weapons for them. *Id.* Valve or third parties can create these additional items that can be purchased over the Internet through Valve's online marketplace. Appellant's Br. 9, 11.

PROCEDURAL HISTORY

In May 2015, Treehouse sued Valve in the U.S. District Court for the District of Delaware for infringement of the '858 Patent. Treehouse accused Valve of infringement based on the operation of the accused video games. Appellant's Br. 12. The case was transferred to the Western District of Washington, where the parties submitted a joint claim construction brief.

The parties adopted the interpretation of the CE limitation that the Patent Trial and Appeal Board ("Board") reached in a previous inter partes review. J.A. 25. In the inter partes review proceeding, Valve contended that the CE limitation means "encompassing 'network sites that are able to present a character, object, or scene.'" *Id.* at 569. Treehouse asserted that the correct interpretation of the CE limitation was "software operating on a server accessible by one or more user interfaces, wherein said server provides to a user interface audio presentations and/or visual image presentations tailored to the 'persona' of a character, as defined by a network user." *Id.* at 569–570. Neither party argued before the Board that the plain and ordinary meaning of the CE limitation should apply. *Id.* The Board's ultimate interpretation differed from both parties' proposals. *Id.* at 25. The Board construed the CE limitation to mean "a network location, other than a user device, operating under control of a site program to present a character, object, or scene to a user interface." J.A. 20, 25, 569–72. As requested by the parties, the district court adopted the Board's construction of the CE limitation. J.A. 20.

On December 4, 2020, Treehouse's infringement expert, Mr. Friedman, submitted a report that applied the plain and ordinary meaning for the CE limitation rather than the agreed-upon construction. J.A. 20. Specifically, Mr. Friedman opined that: "[i]n some instances, the parties agreed on the construction of a term and the Court adopted that agreed meaning as part of its construction order . . . .

I will use the interpretation of the claim terms recited above in my analysis." J.A. 775–776, ¶¶ 30–31. None of the terms "recited above" included the CE limitation. *Id*. Mr. Friedman then explained: "[i]n all other instances, I will apply claim terms in accordance with their plain and ordinary meaning." *Id*. Thus, Mr. Friedman did not apply the meaning of CE limitation that was adopted by the district court.

On December 22, 2020, Mr. Friedman submitted a one-page "Supplement to Expert Report" that was intended to "clarify" his initial report, stating:

> I recognize that the term "character-enabled network site" was agreed to be construed as "a network location, other than a user device, operating under control of a site program to present a character, object, or scene to a user interface." This is the ordinary meaning, and thus my opinions applied this meaning and are unchanged.

J.A. 817, ¶ 3; *see also* Appellant's Br. 13, 26–27. Valve filed a motion to strike portions of Mr. Friedman's testimony that relied on the plain and ordinary meaning of the term. Appellant's Br. 13. Valve argued that Mr. Friedman's construction was "overbroad and inapplicable" for "allow[ing] the use of characters on the network sites," and failed to address or apply the construction agreed-upon by the parties that was used by the court. J.A. 761, 763.

On July 19, 2021, while Valve's motion to strike was pending, Valve filed a motion for summary judgment of noninfringement. Appellant's Br. 13–14. Valve asserted that, for the accused video games to meet the CE limitation, the user device cannot be the CE network that presents a character, object, or scene to the user interface. Appellee's Br. 7, 39. Valve relied on the testimony of its noninfringement expert, Dr. Zydus, to show that Valve's servers are not "character-enabled network sites." J.A. 28–30. Dr. Zydus testified that the program's large file size is

evidence that the downloaded video game software resides on the user's computer—not Valve's servers—and includes the characters and attributes, presented and displayed on the user interface. J.A. 29–30.

Treehouse's opposition to Valve's motion for summary judgment consisted of two paragraphs that referred to Mr. Friedman's report. J.A. 1219–20. In these cited portions, Mr. Friedman asserts that item purchase is available when the game is played online and must infringe. J.A. 821–22, 839. Treehouse appeared to concede that Valve was entitled to summary judgment to the extent Valve's motion to strike Treehouse's expert report was granted. J.A. 26 ("Thus, assuming that [Mr. Friedman's] testimony is not stricken, this portion of Valve's motion should be denied").

The district court granted both motions in favor of Valve, striking every paragraph of Mr. Friedman's report that Valve requested[1] and finding noninfringement because Treehouse failed to offer admissible evidence showing that Valve's video games operated the CE limitation. J.A. 22, 31.

Treehouse timely appeals the district court's determinations. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

STANDARD OF REVIEW

The grant or denial of motions to strike an expert report is not an issue unique to patent law. As such, we review such issues under the law of the applicable regional circuit, in this case the Ninth Circuit. *Anchor Wall Sys.,*

---

[1] Valve requested that the district court strike paragraphs 67–69, 76–77, 80–81, 140, 141, 143, 146–147, 156, 158–159, 165–166, 168–169, 179–181, 187–188, 191, 193–194, 203, 205–206, 212–213, 215–216, 226–228, Appendix 2, and Appendix 3 from Mr. Friedman's report.

*Inc. v. Rockwood Retaining Walls Inc.*, 340 F.3d 1298, 1313 (Fed. Cir. 2003).  In the Ninth Circuit, district court rulings on the admissibility of expert testimony are reviewed for abuse of discretion, reversible only if manifestly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); *United States v. Hankey*, 203 F.3d 1160, 1166–67 (9th Cir. 2000).

Similarly, this court reviews a grant of summary judgment under the law of the regional circuit.  *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021).  The Ninth Circuit conducts a de novo review and affirms summary judgment if, after viewing the evidence in the light most favorable to the non-movant, there is no genuine dispute of material fact.  Fed. R. Civ. P. 56(a); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 257 (1986) (finding that, to survive a motion for summary judgment, the adverse party must present affirmative evidence which is to be believed and from which all justifiable inferences are to be favorably drawn).  A party appealing a summary judgment motion must cite to evidence submitted in connection with the motion.  *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1351–52 (Fed. Cir. 2008); *Taybron v. City & Cnty. of San Francisco*, 341 F.3d 957, 960 (9th Cir. 2003).

## DISCUSSION

On appeal, Treehouse argues that the district court erred in striking portions of its infringement expert's testimony, which gave basis for granting Valve's motion for summary judgment of noninfringement.

### Motion to Strike

We first address whether the district court abused its discretion by striking portions of Treehouse's infringement expert's report.  Appellant's Br. 22.

There is no dispute that Mr. Friedman failed to address the construction of the CE limitation in his report. Appellant's Br. 21, 26; Appellee's Br. 8–9. Mr. Friedman also failed to include the construction of the disputed term in either the Agreed Claim Term or the Disputed Claim Term tables. J.A. 775. He did not acknowledge or recite the district court's construction of the CE limitation in his report.

Treehouse argues that an expert report that does not recite an agreed claim construction remains admissible so long as the opinions expressed in the report are not inconsistent with that construction. Appellant's Br. 22–23. According to Treehouse, expert reports should only be stricken where the application of the construction is inconsistent with, not merely different from, the agreed-upon construction. Appellant's Br. 22, 24–25 (citing *Skedco, Inc. v. Strategic Operations, Inc.*, 287 F. Supp. 3d 1100, 1115 (D. Or. 2018) (denying a motion to strike where the expert's opinions remained consistent with the clarified, not altered, claim construction of the Federal Circuit on remand)); *see also* Oral Arg. at 1:23–1:30, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22 -1171_08022022.mp3 (Treehouse submitting that inconsistency is "something more" than different).

In its motion to strike, Valve argued that Mr. Friedman's overbroad construction of the CE limitation materially differed from the agreed-upon construction, omitting several agreed requirements. J.A. 907–08. Specifically, the parties had agreed that the CE limitation was required "to present a character, object, or scene to a user interface," be "other than a user device," and "operat[e] under control of a site program." *Id.* These elements, Valve argued, are "not redundant" of other language in the claim or the plain and ordinary meaning of "character-enabled network site." *Id.* The district court agreed with Valve, finding that Valve "has demonstrated how the 'plain and ordinary' meaning of the term 'character enabled network site' is inconsistent with the parties' agreed construction." J.A. 22.

We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court. *See, e.g., Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357–58 (Fed. Cir. 2011) (affirming the district court's disregard of expert testimony based on an incorrect understanding of the claim construction); *Frank's Casing Crew & Rental Tools Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1375 (Fed. Cir. 2002) (affirming rejection of testimony that was contrary to the claim construction and affirming noninfringement since the limitation was not satisfied); *see also Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (approving the district court's exclusion of expert testimony based on an impermissible construction).

When the court has adopted a construction that the parties requested and agreed upon, any expert theory that does not rely upon that agreed-upon construction is suspect. Here, Mr. Friedman's report undisputedly applied the "plain and ordinary meaning" of the CE limitation, not the parties' agreed-upon construction. J.A. 775–776, ¶¶ 30–31. Under these circumstances, Treehouse has failed to demonstrate that the district court abused its discretion by striking portions of Mr. Friedman's report that did not rely on the claim construction agreed to by the parties. Accordingly, the district court did not abuse its discretion in granting Valve's motion to strike portions of Mr. Friedman's report.

Next, we address whether the district court erred in granting summary judgment of noninfringement.

### Motion for Summary Judgment

On appeal, Treehouse argues that, even if portions of Mr. Friedman's testimony are stricken, the district court's grant of summary judgment is improper. Appellant's Br. 46.

In order to avoid summary judgment of noninfringement, Treehouse must establish a genuine issue of material fact that Valve's servers qualify as "character-enabled network sites" and, thus, perform every step of the asserted claims, particularly the CE limitation. J.A. 28–30; *see Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–24 (Fed. Cir. 2015). As a result of the district court properly striking portions of Mr. Friedman's testimony, Treehouse did not provide admissible evidence to support that the accused video games satisfy the CE limitation. J.A. 26; Appellee's Br. 37–39.

On the other hand, Valve provided significant evidence that Valve's servers do not satisfy the CE limitation. Appellee's Br. 39–40. For example, Dr. Zydus analyzed the games' source code and conducted tests, the results of which demonstrated that the user's own software and hardware presents the game. J.A. 30, 1162, 1272–83; Appellee's Br. 40, 44–45, 48.

The district court granted Valve's motion for summary judgment of noninfringement because it found that Treehouse failed to proffer admissible evidence that the CE limitation is met by the accused products. J.A. 31. We agree that, in the absence of Mr. Friedman's testimony, Treehouse has not presented evidence that creates a genuine issue of material fact regarding infringement. We affirm the district court's judgment.

## CONCLUSION

We affirm that the district court did not abuse its discretion in striking portions of Treehouse's expert report that did not address the claim construction of the CE limitation agreed upon by the parties and the court. Because Treehouse has not presented evidence that raises a genuine issue of material fact regarding infringement, we affirm the district court's grant of summary judgment in favor of Valve.

12                TREEHOUSE AVATAR LLC v. VALVE CORPORATION

**AFFIRMED**

COSTS

No costs.