NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEADING TECHNOLOGY COMPOSITES, INC.,**
*Plaintiff-Appellant*

**v.**

**MV2, LLC,**
*Defendant-Cross-Appellant*

---

2024-2056, 2024-2102

---

Appeals from the United States District Court for the District of Maryland in No. 1:19-cv-01256-CCB, Judge Catherine C. Blake.

---

Decided:  February 10, 2026

---

JESSE J. CAMACHO, Practus, LLP, Kansas City, MO, argued for plaintiff-appellant.  Also represented by JEAN LEWIS, JUSTIN AKIHIKO REDD, Kramon & Graham, PA, Baltimore, MD.

JAMES GOLLADAY, II, Tanner IP PLLC, Norfolk, VA, argued for defendant-cross-appellant.  Also represented by DANIEL A. TANNER, III; MATTHEW SIDNEY FREEDUS, ROSIE DAWN GRIFFIN, Powers Pyles Sutter & Verville PC, Washington, DC.

---

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

Leading Technology Composites, Inc. ("LTC"), owner of U.S. Patent Number 8,551,598 (the "'598 patent"), sued MV2, LLC ("MV2") for patent infringement in 2019. The district court granted summary judgment in favor of MV2, finding that its accused products were non-infringing. LTC appeals. We affirm.[1]

I

LTC and MV2 are competitor-manufacturers of anti-ballistic armored panels having commercial and military uses. LTC's '598 patent, entitled "Armoring Panel for Resisting Edge Impact Penetrations by Ballistic Projectiles," generally relates to "armoring sheets and panels which are adapted for resisting penetrations by ballistic projectiles, such as rifle filed bullets." '586 pat. at 1:7-9. LTC alleges

---

[1]    MV2 contingently cross-appeals portions of the final judgment entered against it, including that assignor estoppel prevents MV2 from asserting its counterclaim that the '598 patent is invalid and the dismissal of MV2's claim that LTC improperly broadened the scope of its claims in violation of 35 U.S.C. § 305. MV2 asks us to address its counterclaim only if we "reverse[] the district court's summary judgment decision in favor of MV2." MV2 Resp. and Cross-Open. Br. at 51. While "it is ordinarily necessary for the district court, and this court on appeal, to address the [invalidity] counterclaim even if noninfringement has been found," *Solomon Techs., Inc. v. Int'l Trade Comm.,* 524 F.3d 1310, 1319 (Fed. Cir. 2008), it is not necessary to do so where, as here, the party formerly pressing the counterclaim has effectively dropped its claim. We therefore dismiss MV2's cross-appeal as moot.

that MV2 infringes claim 7 of the '598 patent, which recites:

An armoring panel for resisting edge impact penetrations by ballistic projectiles, the armoring panel comprising:

(a) a strata comprising an outer stratum, an inner stratum, and a plurality of intermediate stratums, each stratum among the plurality of intermediate stratums comprising ballistic fibers, having a lateral end, and having an oppositely lateral extension;

(b) at least a first durable sheet comprising outer and inner oppositely lateral extensions, the outer and inner oppositely lateral extensions having lateral ends, the at least first durable sheet further comprising a delamination resisting tie section having outer and inner ends and having an oppositely lateral surface, the delamination resisting tie section's outer and inner ends being respectively formed wholly with the outer and inner oppositely lateral extension's lateral ends, and the delamination resisting tie section spanning between the outer and inner oppositely lateral extensions' lateral ends so that the delamination resisting tie section's oppositely lateral surface directly laterally overlies the intermediate stratums' lateral ends, the outer stratum comprising the at least first durable sheet's outer oppositely lateral extension, and the inner stratum comprising the at least first durable sheet's inner oppositely lateral extension;

(c) a bonding matrix interconnecting the strata's stratums;

wherein each of the strata's stratums comprises a ballistic fiber material selected from the group consisting of polyaramid fibers, extended chain polyethylene fibers, ultra-high molecular weight polyethylene fibers, nylon fibers, graphite fibers, semicrystalline polystyrene fibers, alumino-boro-silicate glass fibers, and magnesia-alumina-silicate fibers;

wherein the bonding matrix comprises an adhesive or bonding resin material selected from the group consisting of phenolic resin, polyester resin, rubber compound resins, silicone resin, thermoplastic resins, polyepoxide, malamine, polyamides, polyvinyl butol, and polyolefins;

wherein the strata further comprises a plurality of second durable sheets, each sheet among the plurality of second durable sheets comprising an outer oppositely lateral extension, an inner oppositely lateral extension, and a delamination resisting tie section spanning between lateral ends of said each sheet's outer and inner oppositely lateral extensions, each sheet among the plurality of second durable sheets overlying the at least first durable sheet;

wherein each oppositely lateral extension has a length, the lengths of the durable sheets' outer and inner oppositely lateral extensions being less than the lengths of the intermediate stratums' oppositely lateral extensions;

> wherein the lengths of the durable sheets' outer and inner oppositely lateral extensions are at least one inch; and
>
> further comprising outer and inner materials saving voids, said voids respectively extending oppositely laterally from lateral ends of the durable sheets' outer and inner oppositely lateral extensions.

Appx92 (Reexamination Certificate).

During claim construction, the district court construed the preamble – "[a]n armoring panel for resisting edge impact penetrations by ballistic projectiles" – as a limitation, observing that both parties agreed it was limiting. The court further explained that "[a]s no party request[ed] the preamble to be construed, the court will not construe the preamble." J.A. 1106. Shortly thereafter, the district court stayed the instant litigation while the Patent and Trademark Office undertook an ex parte reexamination of the '598 patent. The reexamination concluded with the cancellation of claims 1-6 and issuance of an amended claim 7, which is the claim asserted here.

After the litigation resumed, the parties filed cross-motions for summary judgment, which revealed a dispute as to the scope and meaning of the preamble. LTC argued that only the initial clause of the preamble, "[a]n armoring panel," was limiting, while the remainder ("for resisting edge impact penetrations by ballistic projectiles") was not. J.A. 56. LTC further contended that if the district court construed the entire preamble as a limitation, the "resisting edge impact" portion should be given its plain and ordinary meaning, which, according to them, would mean the limitation is satisfied if the "panels provide at least some resistance." J.A. 1953-54; *see also* J.A. 2585. For its part, MV2 proposed that the entire preamble is limiting and that the "for resisting" clause means "preventing complete penetrations at the edge." J.A. 2243-44 (internal emphasis

omitted).    MV2 further argued that the amount of resistance provided at the edge must be proven by ballistic testing, and in no other manner.

The district court agreed that further construction was necessary but otherwise rejected both parties' positions. Agreeing with MV2, it held that the entire preamble, and not just the "armoring panel" portion, was limiting.  It then construed the "for resisting" clause as requiring that the "edge protection should function to resist edge impact penetrations at a level similar to the main body of the panel's resistance to penetrations of non-edge impacts."  J.A. 68. Applying its construction, the district court concluded that LTC had failed to create a genuine issue of material fact as to infringement.  Hence, the court granted MV2 summary judgment of non-infringement.

This appeal followed.  The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1338.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review a district court's grant of summary judgment under the law of the regional circuit, here the Fourth Circuit.  *See Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 714 (Fed. Cir. 2022).  The Fourth Circuit "review[s] a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Harris v. Norfolk S. Ry. Co.*, 784 F.3d 954, 962 (4th Cir. 2015) (internal quotation marks omitted).

To prove infringement, a patent owner must show, by a preponderance of the evidence, that each limitation of a patent claim, as construed by the court, is present in an accused product.  *See Smithkline Diagnostics, Inc. v. Helena Lab'ys Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).  Claim construction is an issue of law we review de novo.  *See Trs.*

*of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016).  Subsidiary fact findings made by a district court in relation to its claim construction, and based on extrinsic evidence, are reviewed for clear error.  *See id.*

### III

LTC argues that the district court erred in finding the entirety of the preamble, including its "for resisting" clause, is limiting.  It adds, however, that even if we conclude the entire preamble is a limitation, the district court's construction is too narrow.  Finally, LTC contends that even under the district court's construction, its evidence is sufficient to support a finding of infringement and, consequently, summary judgment is unwarranted.  We address each issue in turn.[2]

### A

We agree with the district court that the entire preamble, "[a]n armoring panel for resisting edge impact penetrations by ballistic projectiles," is limiting.

"Whether to treat a preamble as a limitation is a determination resolved only on review of the entire[] . . . patent to gain an understanding of what the inventors actually

---

[2]    The parties devote a great deal of their briefing to arguing about whether LTC engaged in "gamesmanship" by changing its claim construction position after the reexamination and after the district court held MV2 could not challenge the validity of the '598 patent due to assignor estoppel.  We need not assess whether LTC should have been estopped from arguing at summary judgment that the preamble was not in its entirety limiting.  Reviewing the matter de novo, we conclude that the district court's construction is correct, making any purported error the district court may have committed in considering LTC's prior statements regarding the preamble harmless.

invented and intended to encompass by the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (internal quotation marks omitted; alterations in original). A preamble is limiting "if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *Id.* (internal quotation marks omitted). Where, however, the body of a patent claim defines a structurally complete invention and uses the preamble only to state a purpose or intended use for the invention, the preamble does not limit the claim. *See id.*

Like the district court, we conclude that the entire preamble, including the "for resisting edge impact penetrations" clause, gives meaning to claim 7. The specification explains that "[l]aminate composite[] armoring panels which consist of layers or stratums of ballistic fibers are known" in the prior art, but a "drawback or deficiency in the performance of such laminate composite armoring panels" is their vulnerability when struck at or near the edge by a projectile such as a bullet. '598 pat. at 1:15-16, 23-33. This is because of "delaminations which occur at a panel edge . . . disadvantageously lessen the ability of the panel to suppress projectile penetrations." *Id.* at 2:29-31. The specification emphasizes that the main purpose of the invention is to solve this problem. *See id.* at 2:32-34 ("The functional delamination resisting tie of the instant invention advantageously resists such projectile's delaminating force."). Hence, "the instant invention enhances or preserves the ability of an armoring panel to suppress projectile penetrations from bullets which impact at or near the panel's edge." *Id.* at 2:34-37.

The specification makes repeated reference to this feature. *See, e.g., id.* at 3:15-18 ("[O]bjects of the instant invention include the provision of an armoring panel for resisting edge impact penetrations by ballistic projectiles which incorporates structures as described above."). The edge resistance concept is contained in the invention's title,

background, and summary. *See id.* at 1:1-3, 34-35, 53-55. Treating the "for resisting" clause as limiting is needed to ensure that the claim scope is commensurate with "what the inventors actually invented and intended to encompass by the claim." *Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997) (internal quotation marks omitted).

Therefore, we agree with the district court that the entire preamble is a claim limitation.

B

We further agree with the district court's construction of the preamble. The district court construed the "for resisting" clause as requiring that the "edge protection should function to resist edge impact penetrations at a level similar to the main body of the panel's resistance to penetrations of non-edge impacts." J.A. 68. This construction is supported by the specification, which states that "the delamination resisting tie sections . . . of the outer and inner durable sheets allow the armoring panel 1 to resist penetrations by bullets which strike at or near the panel's lateral edge *equally* with the panel's suppression of more medially striking bullets." '598 pat. at 4:65-5:2 (emphasis added); *see also id.* at 5:14-16 ("[T]he panel's edge strike bullet suppression capability may be *equalized* with the panel's mid-panel strike suppression capability.") (emphasis added).

Additionally, the invention is described as preventing delamination, which is the reason "bullets striking the panel at or near its lateral edge pose a greater penetration threat than those which may impinge at medial areas of the panel." *Id.* at 4:52-55. By addressing this problem, "the instant invention . . . preserves the ability of an armoring panel to suppress projectile penetrations from bullets which impact at or near the panel's edge." *Id.* at 2:34-37.

LTC argues that nothing in the plain meaning of resisting requires the ability to resist edge impact penetrations

at a level similar to the main body. Rather, in LTC's view, that the panels must be "for resisting" at the edge merely requires that they do "not permit bullets to pass unimpeded at the edges." LTC's Reply Br. at 1. Not only is LTC's proposed construction in significant conflict with the specification; if adopted, it would render the "for resisting" portion of the preamble essentially a nullity. *See generally* J.A. 1954 (MV2's expert, Dr. Maher, testifying: "Virtually all materials resist penetration to some extent . . . [and] all materials provide some resistance to a ballistic event.") (internal quotation marks omitted). This would run afoul of our general principle that "claims are interpreted with an eye toward giving effect to all terms in the claim." *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006).

Thus, again, we agree with the district court's construction.

## C

LTC argues that because the district court entered its construction at the same time it ruled on the summary judgment motions, and the court adopted and applied a construction neither party had proposed, LTC was deprived of the opportunity to which it was entitled to show a genuine dispute of material fact existed even under that unanticipated construction. LTC's argument relies heavily on *Moore v. Equitrans, L.P.*, 27 F.4th 211, 224 (4th Cir. 2022), which requires a party opposing a motion for summary judgment to be put "on notice that she had to come forward with all of her evidence." *Moore* addressed a substantially distinct situation. There the district court was held to have erred because it acted *sua sponte* to enter summary judgment even though no party had moved for such judgment and, therefore, no party had notice or an opportunity to present evidence to show a genuine dispute of material fact. *See id.* at 225. Here, by contrast, MV2 moved for summary judgment, putting LTC on notice that its infringement case could end; and LTC had a full opportunity,

and every reason, to put forward evidence in response. Additionally, MV2 had included in its motion papers a request that the court construe the disputed term, putting LTC on notice that the court might again evaluate whether the preamble was limiting – and, if so, might further specify its meaning.

LTC nonetheless argues that it was not on notice that the district court may adopt a claim construction different from the positions advanced in the parties' respective briefing. But LTC concedes, as it must, that the court may craft its own construction that neither party proposed, given the court's obligation to construe the claims correctly. *See Exxon Chem. Pats., Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1555 (Fed. Cir. 1995) (finding error where court "treated the issue of claim interpretation as a matter of deciding which of the two parties offered the correct meaning of the claims," even where neither party's construction was correct, rather than independently determining meaning of claims); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005). We have also repeatedly explained that district courts may engage in "rolling" construction, including during summary judgment. *See Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (finding it procedurally proper for the district court to supplement the definition of a claim term during trial); *see also Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1385 (Fed. Cir. 2016) ("[T]he district court used its case-management discretion to decline to find Wi-LAN's new construction barred and instead to make a merits determination . . . [on the] motion for reconsideration."). Under these circumstances, there was nothing improper, unforeseeable, or even unusual in the district court's adoption of the correct construction of the disputed term and application of it to the evidence the parties put before it at summary judgment.

Knowing these realities, and confronting MV2's motion for summary judgment of non-infringement, LTC had

notice, opportunity, and every incentive to marshal for the district court whatever evidence it had that could have demonstrated LTC could prove infringement under its own construction and, alternatively, under MV2's proposed construction. It failed to do so.[3] Rather, as the district court rightly pointed out, "LTC stake[d] nearly everything on its argument that the 'resisting' phrase of the preamble is not a limitation and that, if it is, it should be interpreted broadly." J.A. 71. Having lost on that issue, LTC now asserts that two pieces of evidence create a genuine issue of material fact relating to infringement.

The first piece of evidence is a 2017 email from Keith Harrison, a partial owner of MV2, in which he states that MV2's panels have a "fiberglass U-channel" that "helps add ballistic protection further out towards the edge of the armor panel" and further observes that "LTC has a patent on this feature." J.A. 2074; *see also* J.A. 2003 (Mr. Harrison confirming in deposition he was being truthful in his email). However, without discussing the degree of resistance at the MV2 panel's edge in comparison to the resistance in the main portions of that panel, Mr. Harrison's email is not sufficient to support a judgment of infringement and, thus, is inadequate to defeat MV2's motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*,

---

[3] We note that the construction the court adopted, and applied at summary judgment, makes it *easier* to prove infringement than does MV2's proposed construction, in that the court's construction does not require proof of "complete" resistance to penetration at the edges and does not mandate ballistic testing evidence. We do not confront, however, the question of whether a nonmoving party faced with an unexpected claim construction that makes it *more difficult* to meet its burden than even its opponents' proposed construction entitles that party to a new opportunity to be heard.

477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party.]").

LTC's second piece of evidence is testimony from its expert, Dr. Cardi, regarding testing completed on LTC's panels. However, as the district court pointed out, in opposing summary judgment LTC never cited Dr. Cardi's report "to support its argument that MV2's panels embody the 'resisting' limitation." J.A. 74. LTC forfeited its opportunity to rely on this evidence. *See Hyatt v. Stewart,* 148 F.4th 1376, 1383 (Fed. Cir. 2025) ("[Appellant]'s argument is forfeited because he failed to make it before the district court.") In any event, the district court *sua sponte* considered Dr. Cardi's uncited expert report, and concluded even this evidence did not create a genuine dispute of material fact. *See, e.g.,* J.A. 74 ("Dr. Cardi does not describe the extent to which MV2's panels would resist edge impact penetrations.").

Therefore, LTC failed to demonstrate the existence of a genuine dispute of material fact, making summary judgment of non-infringement appropriate.

IV

We have considered LTC's remaining arguments and find them unpersuasive. Accordingly, for the reasons explained above, we affirm the district court.

**AFFIRMED AS TO THE MAIN APPEAL, DISMISSED AS TO THE CROSS-APPEAL**

COSTS

No costs.